IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY ALANZO,

    Plaintiff,

vs.                                              Civil No. 09-1133 LH/RLP

WAL-MART STORES, INC.,
WAL-MARK STORES EAST, INC., and
JANICE FITE,

    Defendants.

### MEMORANDUM OPINION ORDER
### GRANTING IN PART AND DENYING IN PART
### DEFENDANTS' MOTION TO COMPEL DISCOVERY

This matter comes before the court on Defendants' Motion to Compel Discovery (Docket No. 22). The disputed items of discovery are Interrogatories No. 1, 12, 18, 20 and Requests for Production No. 1, 5, 8, 14, 16, 17. The dispute as to Interrogatory No. 2 has been resolved.

### RELEVANT LAW REGARDING DISCOVERY

Under Fed.R.Civ.P. 26(b)(1), discovery may be obtained "regarding any non-privileged matter that is relevant to any party's claim or defense." Relevancy is broadly construed for pretrial discovery purposes. Thus, at least as a general proposition, "[a] request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." In re Urethane Antitrust Litigation, 261 FRD 570, 573 (D. Kan. 2009). When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption

in favor of broad disclosure. Hammond v. Lowe's Home Ctrs., Inc., 216 FRD 666, 670 (D. Kan. 2003). The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial." 8 Charles Alan Wright et al., Federal Practice and Procedure § 2008, at 99 (2d ed.1994). "[A] party resisting discovery on the basis that a request if overly broad has the burden to support its objection, unless the request is overly broad on its face." General Electric Capital Corp. v. Lear Corp., 215 FRD 637, 640 (D. Kan. 2003).

SPECIFIC DISPUTES

*Interrogatory No. 1* asked Plaintiff for biographical data, including the names and addresses of all children, current and former spouses. Plaintiff's response did not identify any children or former spouses. Plaintiff represents that he provided the answers at the time of his deposition, and that his answer to Interrogatory No. 1 will be supplemented.

> The Defendants have a right to choose which discovery vehicle they wish to use, and they have interrogatories available to them. Under rule 33 of the Federal Rules of Civil Procedure, interrogatories may be used in conjunction with other methods of discovery. "The methods of discovery are complementary, rather than alternative or exclusive, may be used singly or in conjunction with each other, and may be used in any sequence." Gonzalez v. City of Albuquerque, 2010 WL 553308, *8 (D. N.M. 2010) (citations omitted).

**Plaintiff will answer Interrogatory No. 1 within 10 days of the date of this Order.**

*Interrogatory No. 12* asked for Plaintiff's complete medical history from ten years prior to the date of the incident complained of, to the present. Plaintiff asserted no objection to the Interrogatory, and listed one doctor whom he saw in 2005. This response was inaccurate. In response to Interrogatory No.8 Plaintiff listed fourteen medical providers who may testify at trial. Plaintiff contends that he provided additional information in response to Interrogatory No. 12 at his

deposition.

*Request for Production No. 17* asked Plaintiff to produce copies of all records in his possession that relate to his past medical history.

Plaintiff's medical condition is clearly relevant to the issues in this case. The period of five years requested is reasonable.

**Within ten days of the date of this Order, Plaintiff will answer Interrogatory No. 12 and produce copies of all records in his possession relating to his past medical history, commencing 5years prior to the incident alleged in the Complaint.**

*Interrogatory No. 18* asked Plaintiff to describe all investigations, tests, etc., of which he is aware, conducted regarding the allegations of his Complaint, including identification of all individuals conducting same, the date and place of the investigations, and the identity of the person having custody of any resulting written reports.

*Interrogatory No. 20* asked Plaintiff if he or anyone acting of his behalf had any tangible items (photographs, etc.) concerning the incident alleged in his Complaint, and if so, to identify the items, state who had custody of them.

*Request for Production No. 8* asked that all investigative reports or accident reports regarding the incident alleged in the Complaint be produced.

Plaintiff objected, stating that these discovery requests sought information protected by the attorney/client and/or the attorney work-product doctrine. Plaintiff did not supply a privilege log. In his response, Plaintiff states that he has no information that would require the submission of a privilege log, but if he has any such information in the future, he will supplement his answer and provide such a privilege log.

The court accepts Plaintiff's representation that no such materials exist, and that he

3

will supplement his Answer to Interrogatories Nos. 18 and No. 20 and Request for Production No. 8 if they come into existence in the future.

***Request for Production No. 1*** asked Plaintiff to provide an executed Release for the Department of Motor Vehicles records.  Plaintiff objected on the grounds that such records were not relevant to the issues in this case.  In their Motion and Reply, Defendant counter that Plaintiff injured his wrist in a motor vehicle accident in 2005, and the motor vehicle records for this and other accidents may be relevant to issues of causation for his current alleged injuries as well as his base line medical condition.

Plaintiff alleges that he was injured by a shelving unit which fell on him while he was shopping in Defendants' store.  There may be documents in the MVD record relevant to Plaintiff's medical condition or disability during the relevant time frame in this case. **Defendants' Motion to Compel Production of a Release for Department of Motor Vehicles records (Request for Production No. 1) is granted.  Plaintiff will endorse a DMV release within ten days of the date of this Order.**

**Request for Production No. 5** seeks production of "a copy of each and every statement, transcript of recording, or deposition either given by you, or taken by you or anyone on your behalf, regarding any of the events or occurrences referred to in your Complaint."  Plaintiff provided Defendants with transcripts of statements taken from Scott Dusky and Tona Dominguez.  Defendants contend that this Request is broad enough to encompass actual recordings.  Plaintiff contends he is not a mind reader, and that Defendants' Request didn't ask for actual recordings.

Request for Production No. 5 is not as clear as it could be, in that it did not specify "recordings."  However, the term "statement" is broad enough to include recorded statements.

4

**Plaintiff will provide the recorded statements of Mr. Dusky and Ms. Dominguez within 10 days of the date of this Order.**

*Request for Production No. 14* seeks production of all documents relating to or reflecting any claims for disability benefits ever made by Plaintiff. Plaintiff objected, stating that the materials requested were not relevant, and the request was overly broad.

*Request for Production No. 16* seeks original or legible copies of all documents relating to lawsuits or claims for injuries or damages ever asserted by Plaintiff, including correspondence with the responsible party or his/her insurance carrier, medical records, drafts or checks reflecting payment, bills or expenses alleged to have resulted from such injuries and copies of all pleadings and settlement documents.

Plaintiff seeks compensatory damages, including past and future medical bills, lost earnings, pain and suffering, and damages for disability and physical impairment. Prior claims for disability benefits and prior law suits or claims are relevant to these element of damages. Plaintiff has not carried his burden of proving that these requests are overbroad.

**Within ten days of the date of this Order, Plaintiff shall produce all documents relating to or reflecting any claim for disability benefits he has made, as outlined in Request for Production No. 14, and all documents within his possession or the possession of his attorneys, past and present, responsive to Request for Production No. 16.**

**Defendants' Request for an award of attorney's fees is denied.**

**IT IS SO ORDERED**.

Richard L. Puglisi
Chief United States Magistrate Judge

5